UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case No. 09-41612-ess
IN RE:                                                                             Chapter 13
ASIF KHAN & FARHAT JAHAN

                                          **Debtor(s)**

-------------------------------------------------------------------X   Adversary Proceeding

**ASIF KHAN & FARHAT JAHAN,**                                    09-_____

                                          **Plaintiff(s),**
v.

**JP MORGAN CHASE BANK, NA**
As Acquirer of certain Assets of Washington Mutual Bank from FDIC
Recovery OH2-5170
50 South Main
Akron OH 44308

                                          **Defendant.**

-------------------------------------------------------------------X

*"All that may come to my knowledge in the exercise of my profession . . . which
ought not to be spread abroad, I will keep secret and will never reveal."*

                                                     —*Hippocratic Oath.*

**DEBTOR'S EX PARTE, EMERGENCY MOTION
TO RESTRICT PUBLIC ACCESS TO CLAIM
OR IN THE ALTERNATIVE
TO DELINK, DISABLE, OR REMOVE PROOF OF CLAIM #1 FILED BY
JPMORGAN CHASE BANK, NA & WASHINGTON MUTUAL BANK**

KARAMVIR S. DAHIYA of Dahiya Law Offices LLC  moves this Court to enter its

order, Ex Parte, restricting the public access to Proof of Claim # 5 filed in this case or

requiring the clerk to delink, disable, or remove the said Proof of Claim and/or

1

attachments, and in support of the requested relief, the Debtor submits the following;

1. The creditor, JP Morgan Chase, NA and or Washington Mutual Bank, filed Proof of Claim #5 in this case seeking an amount of $27,652.49 on April 3, 2009.

2. The creditor's Proof of Claim reveals Personal Data Identifiers and other sensitive, non-public information about the Debtor in a public records forum. Specifically, JP Morgan Chase Proof of Claim consisted of business line application and displays the Debtor's Date of Birth and social security without redaction on the attachment to the Proof of Claim and Debtor's Social Security Number without redaction on the attachment to the Proof of Claim.

3. The Proof of Claim also violates 11 U.S.C. § 107(c), Federal Rule of Bankruptcy Procedure 9037, and Federal Rule of Civil Procedure 5.2.

4. The Debtor has filed an Adversary Proceeding against the creditor for injunctive relief, disallowance of the claim, sanctions and other relief, but it will be months before the adversary is heard on the merits.

5. The creditor's Proof of Claim or the offending attachment, if any, should be delinked, disabled, or removed by the clerk so that it is inaccessible to the general public.

6. Creditor should be allowed and encouraged to re-file a redacted Proof of Claim that complies with the rules of this Court.

7. WHEREAS, the Debtor respectfully requests the Court to:

    A. Grant the Debtor's emergency, ex parte request to restrict the public access to

the creditor's Proof of Claim; and

B. Grant any other relief the Court deems just and proper.

Dated: September 29, 2009                           *s/karamvir Dahiya*
New York New York                              BY:_____
                                                           Karamvir S. Dahiya for Plaintiff debtors